UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN B. TIDWELL,

    Petitioner,

v.

RONALD DAVIS,

    Respondent.

Case No. 17-cv-00903-EMC

**ORDER OF DISMISSAL**

## I.   INTRODUCTION

John B. Tidwell, an inmate at San Quentin State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## II.   BACKGROUND

In 1978, Mr. Tidwell was convicted in Orange County Superior Court of first degree murder, with use of a shotgun. Docket No. 2 at 5. Mr. Tidwell reports that he was sentenced to an indeterminate sentence of seven years to life in prison. Docket No. 1 at 12. Mr. Tidwell was 26 years old when he committed the murder. *Id.* at 12.

On June 11, 2015, the Board of Parole Hearings (BPH) granted Mr. Tidwell parole. On October 23, 2015, Governor Brown reversed the decision of the BPH. Docket No. 2 at 2-4; *see generally* Cal. Const., Art. V, § 8(b) (granting Governor the power to review the parole board's decisions regarding parole for murderers). In this action, Mr. Tidwell challenges the decision of Governor Brown that resulted in the denial of parole for him. Mr. Tidwell alleges that he filed unsuccessful habeas petitions in the California courts before he filed this action.

### III. **DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Mr. Tidwell contends that his continued incarceration -- now 39 years into his 7-to-life sentence -- violates his rights under the U.S. Constitution's Eighth Amendment and under state law. He also contends that the denial of parole violated his right to due process under the U.S. Constitution's Fourteenth Amendment.

Eighth Amendment Claim: The Eighth Amendment's "Cruel and Unusual Punishments Clause prohibits the imposition of inherently barbaric punishments under all circumstances." *Graham v. Florida*, 560 U.S. 48, 59 (2010). "For the most part, however, the [Supreme] Court's precedents consider punishments challenged not as inherently barbaric but as disproportionate to the crime." *Id.* The Eighth Amendment contains a "narrow" proportionality principle – one that "does not require strict proportionality between crime and sentence," and forbids only "extreme sentences that are 'grossly disproportionate' to the crime." *Id.* at 59-60. "[O]outside the context of capital punishment, successful challenges to the proportionality of particular sentences [will be] exceedingly rare." *Solem v. Helm*, 463 U.S. 277, 289-90 (1983); *see also Crosby v. Schwartz*, 678 F.3d 784, 795 (9th Cir. 2012) ("Circumstances satisfying the gross disproportionality principle are rare and extreme, and constitutional violations on that ground are 'only for the extraordinary case'"). Only in that rare case where a comparison of the gravity of the offense and the severity of the sentence leads to an inference of gross disproportionality does the court compare a petitioner's sentence with sentences for other offenders in the jurisdiction, and for the same crime in other jurisdictions, to determine whether it is cruel and unusual punishment. *Graham*, 560 U.S. at 60.

A sentence of life in prison (or 25-years-to-life) for a murder does not lead to an inference

of gross disproportionality and therefore does not amount to cruel and unusual punishment forbidden by the Eighth Amendment. *See United States v. LaFleur*, 971 F.2d 200, 211 (9th Cir. 1991) ("Under *Hamelin [v. Michigan*, 501 U.S. 957 (1991)], it is clear that a mandatory life sentence for murder does not constitute cruel and unusual punishment"); *cf. Solem*, 463 U.S. at 290 n.15 (discussing earlier case in which it had found the death penalty to be excessive for felony murder in the circumstances of a particular case; "clearly no sentence of imprisonment would be disproportionate" for the felony murder of an elderly couple). Lengthy sentences for crimes less serious than murder also have been upheld by the Supreme Court and Ninth Circuit. *See e.g., Ewing v. California*, 538 U.S. 11, 29-31 (2003) (upholding sentence of 25-years-to-life for recidivist convicted most recently of grand theft); *Locker v. Andrade*, 538 U.S. 63, 76 (2003) (upholding sentence of two consecutive terms of 25-years-to-life for recidivist convicted most recently of two counts of petty theft with a prior conviction); *Hamelin*, 501 U.S. at 996 (upholding sentence of life without possibility of parole for first offense of possession of 672 grams of cocaine); *Nunes v. Ramirez-Palmer*, 485 F.3d 432, 439 (9th Cir. 2007) (upholding sentence of 25-years-to-life for the underlying offense of petty theft with a prior conviction after finding petitioner's criminal history was longer, more prolific, and more violent than the petitioner's in Andrade, who suffered a harsher sentence*); Cacoperdo v. Demosthenes*, 37 F.3d 504, 508 (9th Cir. 1994) (sentence of ineligibility for parole for 40 years not grossly disproportionate when compared with gravity of sexual molestation offenses).

Here, even if Mr. Tidwell must spend the rest of his life in prison as a result of the Governor's decision -- which is a doubtful proposition, given that the Governor did not determine that Mr. Tidwell shall never receive parole and given that Mr. Tidwell will have another parole hearing in 15 years or less -- Mr. Tidwell's continued imprisonment would not run afoul of the Eighth Amendment. Life imprisonment for first degree murder committed by an adult is not so disproportionate to the crime that it could be said to amount to cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution. The Eighth Amendment claim is dismissed.

State Law Claim: Mr. Tidwell also urges that the Governor's decision was erroneous

3

1 under state law. A "federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (citations omitted.) Federal habeas relief is not available for state law errors. *See id.* Thus, Mr. Tidwell's claims for violations of any of his state law rights must be dismissed.

Due Process Claim: Mr. Tidwell contends that the Governor's decision violated his right to due process. For purposes of federal habeas review, a California prisoner is entitled to only "minimal" procedural protections in connection with a parole suitability determination. The procedural protections to which the prisoner is entitled under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution are limited to an opportunity to be heard and a statement of the reasons why parole was denied. *See Cooke*, 562 U.S. at 220-21.[1] Here, the record demonstrates that Mr. Tidwell was provided the two procedural protections required to satisfy his federal due process rights. Mr. Tidwell had an opportunity to be heard at his parole hearing (and did speak at it), and the Governor provided a statement of reasons for his decision to reverse the BPH's order granting parole. *See* Docket No. 2 at 2-4 at 8-17. "Because the only federal right at issue is procedural, the relevant inquiry is what process [the prisoner] received, not whether the state court decided the case correctly." *Cooke*, 562 U.S. at 222. The Court explained that no Supreme Court case "supports converting California's 'some evidence' rule into a substantive federal requirement," *id.* at 220, and the Ninth Circuit erred in holding otherwise. In light of the Supreme Court's determination that the constitutionally-mandated procedural protections do not include a requirement that the parole denial decision be supported by some evidence (or any other quantum of evidence), Mr. Tidwell's federal due process claim must be

---

[1] No additional procedural protections are required by the circumstance that the prisoner was initially granted parole, and later had that parole decision reversed by the California Governor. The *Cooke* court had before it two prisoners, one of whom had been denied parole by the parole board and the other of whom (like Mr. Tidwell) had been denied parole because the Governor reversed the parole board; yet the court drew no distinctions in the procedural protections required for those prisoners as a matter of federal constitutional law. *See Cooke*, 562 U.S. at 217-19. The Ninth Circuit later made explicit that which was implicit in the *Cooke* decision: "we now hold that the Due Process Clause does not require that the Governor hold a second suitability hearing before reversing a parole decision." *Styre v. Adams*, 645 F.3d 1106, 1108 (9th Cir. 2011).

dismissed.

A certificate of appealability will not issue because Mr. Tidwell has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## IV. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is DISMISSED. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: June 9, 2017

EDWARD M. CHEN
United States District Judge